**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEJANDRO CORTEZ, on behalf of | ) | |
| himself and all other persons similarly | ) | |
| situated, known and unknown, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| BRAVO RESTAURANT GROUP, INC., | ) | |
| an Illinois corporation, | ) | |
| JOHN C. BOZONELOS, | ) | |
| JOHN G. BOZONELOS, JAMES PAPPAS, | ) | |
| DEMETRIOS PETSAS, | ) | |
| AND GEORGE ROGIOKOS, | ) | |
| in their individual capacities | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, ALEJANDRO CORTEZ, ("Plaintiff") on behalf of himself and all other persons similarly situated, known and unknown, complains of BRAVO RESTAURANT GROUP, INC., an Illinois corporation, JOHN C. BOZONELOS, JOHN G. BOZONELOS, JAMES PAPPAS, DEMETRIOS PETSAS, and GEORGE ROGIOKOS, in their individual capacities (and, collectively, "Defendants") as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff and other hourly paid current and former employees (hereafter "similarly-situated employees").

2. This lawsuit also seeks a declaratory judgment that the post-employment two-year, 10-mile radius covenant not to compete, the post-employment two-year non-solicitation covenant

and the "no adverse publicity" provision in the "Bravo Restaurant Group, Inc. Incentive Compensation Agreement" signed by Plaintiff and the Defendants are unenforceable as a matter of law.

3.     Defendants own and operate a restaurant called "Basil's Greek Dining" located at 4000 Fox Valley Center Drive, Aurora, Illinois.  Plaintiff worked for Defendants as an "at-will" cook in the restaurant from 2009 until Defendants terminated his employment on or about January 28, 2019.

4.     During one or more workweeks during the last three years, Plaintiff worked at least 59 hours per week over six (6) days (Sunday, Monday, Wednesday, Thursday, Friday, and Saturday), and had every other Sunday off.

5.     During one or more workweeks during the last three years, Plaintiff worked as many as 84 hours per week when the restaurant had its "anniversary week" or when the restaurant's other cook was not at work.

6.     During the last three years, Defendants paid Plaintiff as follows:

A.     $1,100.00 every two weeks by check on Saturday;

B.     $900.00 every two weeks by check on Saturday; and

C.     $400.00 once a month by check on or about the middle of the month.

7.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as **Exhibit A.**

8.     Plaintiff brings his IMWL claim as a class action pursuant to Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

9.　　This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

10.　　This Court has supplemental jurisdiction over Plaintiff's IMWL and declaratory judgment claims pursuant to 28 U.S.C. § 1367.

11.　　Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

12.　　Plaintiff resides in and is domiciled in this judicial district.

13.　　Defendant Bravo Restaurant Group, Inc. is an Illinois corporation.　Defendant Bravo Restaurant Group, Inc. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

14.　　Defendant Bravo Restaurant Group, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

15.　　During the last three years, Defendant Bravo Restaurant Group, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

16.　　During the course of his employment with Defendant Bravo Restaurant Group, Inc., Plaintiff handled goods that moved in interstate commerce.

17.　　Defendant Bravo Restaurant Group, Inc. was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

18.　　Plaintiff was Defendant Bravo Restaurant Group, Inc.'s "employee" as defined by the IMWL.　820 ILCS 105/3(d).

3

19. Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos are owners, officers, and operators of Defendant Bravo Restaurant Group, Inc.

20. Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos are involved in the day-to-day business operations of Defendant Bravo Restaurant Group, Inc.

21. Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos hire and fire Bravo Restaurant Group, Inc. employees, direct and supervise the work of Bravo Restaurant Group, Inc. employees, signs on Bravo Restaurant Group, Inc.'s checking accounts, and make decisions regarding employee compensation and capital expenditures.

22. Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos were each Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

23. Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos were each Plaintiff's "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

24. Plaintiff was each of Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

25. Plaintiff was each of Defendants John C. Bozonelos, John G. Bozonelos, James Pappas, Demetrios Petsas, and George Rogiokos "employee" as defined by the IMWL. 820 ILCS 105/3(d).

4

**BACKGROUND FACTS**

26. From 2009 until approximately January 28, 2019, Plaintiff worked for Defendants as a cook doing food preparation and oven cooking.

27. From 2009 until approximately January 28, 2019, Defendants classified Plaintiff as exempt from the overtime pay requirements of the FLSA and the IMWL.

28. During one or more workweeks during the last three years, Defendants classified at least one other cook, other than Plaintiff, as exempt from the overtime pay requirements of the FLSA and the IMWL.

29. Defendants misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA and the IMWL as he did not meet any of the exempt duties tests of the FLSA or the IMWL.

30. During one or more workweeks during the last three years, Defendants misclassified at least one other cook as exempt from the overtime pay requirements of the FLSA and the IMWL as he or they did not meet any of the exempt duties tests of the FLSA or the IMWL.

31. During one or more workweeks during the last three years, Defendants gave Plaintiff less than a 20-minute meal period and did not pay him for this meal period.

32. During one or more workweeks during the last three years, Defendants gave other similarly situated employees less than a 20-minute meal period and did not pay them for their meal period.

33. Pursuant to 29 C.F.R. § 786.18, breaks for a period of 20 minutes or less must be counted as compensable hours worked under the FLSA.

34.     During his employment, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

35.     In one or more weeks during the prior three (3) years, Defendants did not pay other similarly situated non-exempt employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

36.     On or about January 1, 2010, Defendants told Plaintiff that he must sign the "Bravo Restaurant Group, Inc. Incentive Compensation Agreement" (the "Agreement") as a condition of continued employment.  Plaintiff signed the Agreement. A copy of the Agreement is made a part hereof as **Exhibit B.**

37.     The Agreement provides:

At ¶ 2.(a):

> **Restaurant Performance Based Incentive**. * * * Provided that Employee maintains consistent, combined food and labor costs not to exceed 65% of total sales for any monthly period, during Employee's employment by the Company, the Employee shall receive, as additional compensation on a monthly basis, the greater of (i) $300.00; or (ii) five percent (5.00%) of the monthly Pre-Tax Profit (the **"Incentive Compensation"**).

At ¶ 2.(b):

> **Payment**. Payment of any performance based bonus shall be made within fifteen (15) days after the close of the prior month (or pro-rated portion thereof, as the case may be) in which such additional compensation was earned.  Payment of all compensation to Employee hereunder shall be made in accordance with the relevant Company policies in effect from time to time, including normal payroll practices, and shall be subject to all applicable employment and withholding taxes.

At ¶ 5:

> **Termination of Employment**. In the event the employment of the Employee is terminated for cause, without cause, by resignation or by cooperation, the Company

6

will pay all accrued by but unpaid Incentive Compensation within forty-five (45) days after such date of termination.

At ¶ 7:

**Covenant Not to Compete; Non-Solicitation; Non-Disclosure.**

    (a)    <u>Covenant</u>. Employee covenants and agree with the Company that except as expressly approved by the Company, for and after the date of this Agreement until two (2) years after the date the employment of Employee by the Company terminates for any reason (the **"Ending Date"**), Employee shall not directly or indirectly:

        (i)    advise, manage, serve as an independent contractor or employee or, act as a consultant to any business which competes in Company's industry within a ten (10) mile radius of 4000 Fox Valley Center Drive, Aurora, Illinois;

            * * *

        (iii)    solicit, divert or attempt to solicit or divert any party who is, was, or was solicited to become (and was known by Employee to be), a customer of the Company at any time prior to the Ending Date.

            * * *

        (vii)    knowingly make any statement to any third party, including the press or media, likely to result in adverse publicity for the Company.

At ¶ 9:

**Miscellaneous.**

    (a)    <u>Attorneys' Fees</u>. Should either party hereto, or any heir, personal representative, successor or assign of either party hereto, resort to legal proceedings in connection with this Agreement, the party or parties prevailing in such legal proceeding shall be entitled, in addition to such other relief as may be granted, to recover its or their reasonable attorneys' fees and costs in such legal proceeding from the non-prevailing party or parties.

    (e)    <u>Severability</u>. If any term, provision, covenant or condition of this Agreement, or the application thereof to any person, place or circumstance, shall be held to be invalid, unenforceable or void, the remainder of this

Agreement and such term, provision, covenant or condition as applied to other persons, place and circumstances shall remain in full force and effect.

## COUNT I

### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly-situated employees)

38.     Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39.     This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiff and other similarly-situated employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

40.     In one or more work weeks during the prior three years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

41.     Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

42.     In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times his regular rate for the time he worked over forty (40) hours in individual work weeks, and instead paid him his straight time regular rate for all time worked.

43.     Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

44.     Defendants violated the FLSA in certain regards by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

45. Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

46. In one or more work weeks during the last three (3) years, Defendants deducted thirty (30) minutes per shift from the hours worked by similarly-situated employees even though Plaintiff and they worked for more than ten (10) minutes during the thirty (30) minute period.

47. Pursuant to 29 C.F.R. § 786.18, breaks for a period of 20 minutes or less must be counted as compensable hours worked under the FLSA. *Id.*

48. Defendants violated the FLSA by failing to pay Plaintiff for the thirty (30) minute period.

49. Defendants violated the FLSA by failing to pay similarly-situated employees for the thirty (30) minute period.

50. As a direct and proximate result of Defendants' willful violations of the FLSA, Plaintiff and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

9

E.      such other and further relief as this Court deems just and proper.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages
## (Class Action)

51.      Plaintiff hereby realleges and incorporates paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.      This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiff and members of the overtime class he seeks to represent overtime pay at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

53.      During the prior three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

54.      Other similarly-situated employees were required by Defendants to work more than forty (40) hours in one or more individual work weeks.

55.      For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times his regular rate of pay.

56.      Defendants' other similarly-situated employees were entitled to be paid one and one-half times their regular rates of pay when they worked more than forty (40) hours in an individual work week.

57.      Defendants did not pay Plaintiff overtime at one and one-half times his regular rate, and instead paid Plaintiff his straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

10

58.     Defendants did not pay similarly-situated employees overtime at one and one-half times their regular rates, and instead paid them their straight time regular rates for all time worked, including time worked in excess of forty (40) hours, during one or more individual work weeks.

59.     Defendants' failure to pay Plaintiff and the Overtime Class at one and one-half times their regular rates of pay when they worked more than forty (40) hours per week violated the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

60.     This Count is brought pursuant to Fed. R. Civ. P. 23 because the Overtime Class is so numerous that joinder of all members is impracticable.

61.     Plaintiff and the Overtime Class are equally affected by Defendants' overtime violations, and relief is sought for the benefit of Plaintiff and the Overtime Class Plaintiff seeks to represent.

62.     The issues involved in this Count present common questions of law and fact.

63.     Those common questions of law and fact predominate over any variations which may exist between members of the Overtime Class Plaintiff seeks to represent.

64.     Plaintiff and the class of similarly-situated employees, on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely owed overtime wages plus penalties, interest, attorneys' fees, and the cost of the litigation.

65.     The overtime violations alleged by Plaintiff are the result of Defendants' generally-applicable policies and practices, and the common questions presented will predominate over any individual questions in this action.

66.     Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the overtime class.

11

67.     Plaintiff's counsel is experienced in the prosecution of wage-and-hour class actions.

68.     If individual actions were required to be brought by each member of the Overtime Class injured or affected by Defendants' overtime violations, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

69.     A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Overtime Class is entitled.

70.     Pursuant to 820 ILCS 105/12(a), Plaintiff and the Overtime Class he seeks to represent are entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff and the Overtime Class pray for judgment against Defendants as follows:

A.     A determination that his action may be maintained as a class action under Fed. R. Civ. P. 23;

B.     A judgment in the amount of all overtime wages owed to Plaintiff and the overtime class members under the IMWL;

C.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

E.     Such other and further relief as this Court deems just and proper.

## COUNT III
## Breach of Contract

71.    Plaintiff hereby realleges and incorporates paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

72.    Defendants breached the Agreement by failing to withhold applicable employment and withholding taxes from the Incentive Compensation.

73.    Defendants breached the Agreement by failing to pay Plaintiff the greater of $300 or five percent (5%) of the monthly Pre-Tax Profit.

WHEREFORE, Plaintiff and prays for judgment against Defendants as follows:

A.    His lost compensation;

B.    Pre-judgment interest;

C.    Damages incurred by Defendants' failure to make proper withholdings;

D.    His attorneys' fees and costs; and

E.    Such other relief the Court determines honorable and just under the circumstances.

## COUNT IV
## Declaratory Judgment

### Covenant not to compete, non-solicitation covenant, and no adverse publicity covenant are invalid as a matter of law

74.    Plaintiff hereby realleges and incorporates paragraphs 1 through 73 of this Complaint, as if fully set forth herein.

75.    The covenant not to compete and the non-solicitation covenant in ¶ 7(a)(i) and (iii) of the Agreement are unenforceable as a matter of law because they: a) have no activity restraint; b) seek to prevent Plaintiff from working for an overly broad segment of employment by purporting to prevent him from working for "any business which competes in Company's industry"; c) is overly broad geographically (10- mile radius of the restaurant); and d) seek to

13

prevent Plaintiff from soliciting customers with whom he had no contact as a result of his employment with Defendants.

76.     Illinois state courts and Illinois federal courts, applying Illinois law, have found that such broad prohibitions lack a reasonable relationship to the employer's protectable interests and have invalidated the agreements.  These provisions of the Agreement are overly broad and unenforceable.

77.     The non-disparagement provision in ¶ 7(a)(vii) of the Agreement violates Section 7 of the National Labor Relations Act because it directly forbids Plaintiff from expressing negative opinions about Defendants, its policies, and its leadership in almost any public forum.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as a matter of law in his favor and against Defendants and further requests that an order be entered:

A.     Finding the non-competition, non-solicitation and non-adverse publicity provisions of the Agreement invalid and/or unenforceable;

B.     Awarding Plaintiff his reasonable attorneys' fees and costs expended in defending this action; and

C.     Such other relief the Court determines honorable and just under the circumstances.

Respectfully submitted,

ALEJANDRO CORTEZ, on behalf of himself and all other persons similarly situated, known and unknown

_____
Margherita M. Albarello
One of his attorneys

14

Margherita M. Albarello, # 6187375
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
Tel: (847) 698-9600
Fax: (847) 698-9623
Emails: malbarello@dimontelaw.com